## SARAH M. BEGBIE *v.* JOHN BEGBIE.

On a motion for alimony *pendente lite*, on bill by the wife for divorce from bed and board on the alleged ground of cruel treatment, and answer filed and affidavits taken on both sides, it is proper for the Court to look into the merits of the case as thus far disclosed.

The wife left her husband's house without his knowledge, and took the two children of the marriage with her; and filed a bill for divorce from bed and board, on the alleged ground of cruel treatment; and applied for alimony *pendente lite*. The bill showed no sufficient cause for her leaving the house at the time when she did leave it. The court refused alimony, and said it would not be allowed unless, on her going back, with the children, to the husband's house, and offering to take her place in the family, he should refuse to receive her.

The case is sufficiently stated in the opinion of the court.

Motion for alimony, &c.

*A. O. Boylan*, in support of the motion, cited *Rev. Stat.* 924, sec. 8, 10 ; 1 *John. Ch.* 108, 604 ; 4 *Ib.* 189 ; 4 *Dess.* 33, 79 ; 1 *Green's Ch.* 459 ; 4 *Paige*, 516, 643 ; 2 *Ib.* 108, 621 ; 1 *Edw.* 62, 317, 255 ; *Ib.* 62 ; 1 *John. Ch.* 364, 441 ; *Saxt. Ch.* 383, 474 ; 2 *Hoff. Ch. Pr.* 245.

*A. C. M. Pennington* and *A. Whitehead*, contra, cited 2 *Paige*, 501 ; 9 *Dana*, 52 ; 3 *Edw.* 387 ; 3 *Green's Ch.* 172 ; 1 *Edw.* 278 ; 4 *Dess.* 94, 119 ; *Harper's Eq.* 144 ; 2 *Paige*, 454.

THE CHANCELLOR.    The marriage took place in Feb. 1841. The complainant left the defendant's house in August, 1847. The bill was filed in September, 1847, and prays a divorce on the ground of cruel treatment.

The 8th section of the act concerning divorces enacts, that for extreme cruelty in either of the parties, the Court of Chancery may decree a divorce from bed and board forever thereafter, or for a limited time, as shall seem just and reasonable.

After the filing of the bill, notice was given of an application to be made on behalf of the complainant for alimony *pendente lite,* and for counsel fees for the prosecution of her suit.

After this notice was given, an answer was put in by the defendant, and affidavits were taken on both sides ; and the bill, answer and affidavits were read on the hearing of the motion.

The complainant and the defendant had lived together for more than six years before the complainant left the house of defendant, and have two children ; one a boy, now six years old ; the other a girl, about four years old. The bill complains, generally, of ill usuage, and of some particular instances of ill usage, without stating the times when they occurred. The complainant left the defendant's house in August, 1847, and took her two children with her. The bill shows no immediate cause for her leaving at that time ; and she left, the answer says, without the knowledge of her husband. Nor does anything appear to show that she could not have remained safely, and free from personal injury. And even if she supposed that her own conduct was blameless, and that the defendant's treatment towards her had been such as to give her a ground for divorce from his bed and board, there is nothing to show that there was any necessity for leaving his house and taking the children with her in order to institute such a proceeding.

The great defect of the complainant's case on this application is, that the bill shows no sufficient cause for her leaving the house at the time when she did leave it, if she ever had at any time just cause for leaving it ; of which no opinion is now expressed.

Even after a decree for a divorce from bed and board for a limited time, and for alimony, alimony will be suspended on the agreement of the husband to take the wife home, and treat her properly.

In cases of this nature, in which, as a general rule, it is contemplated that the separation that may be decreed will be for a limited period only, and that the parties may come together again, it is proper for the court to look into the case before it lends its aid to the prosecution of the suit, and thus widens the breach.

Ill treatment in months past can be no sufficient cause for the wife's leaving to-day. If she leaves her husband's house without just cause at the time of leaving it, she takes a wrong step, and she must retrace it before the court will oblige the husband to support her away from his house.

It will not be sufficient for her to send another to ask the husband if he will receive her.   The only way she can retrace such a step is to go back herself, and if she took the children, to take them back with her.

In view of the case made by the bill, and of the answer and affidavits as to the temper and conduct of the wife, it would be a pernicious precedent to oblige the husband to furnish the means to prosecute her suit, and to support her away from his house during its progress.   And the denial of the application will, I think, be more conducive to reconciliation and peace than any temporary separation that might be decreed by the court at the end of the suit.

No alimony will be allowed, nor counsel fees to prosecute the suit, until she takes the children and goes back to her husband's house and offers to return to her place in the family.   If she does this, and he refuses to receive her into his house, she will be at liberty to renew her application.

Motion denied.